## BISHOP V. DRAKE ET AL.

Bonds of recognizance in this state might ever have been taken
to the party for whose benefit they were intended, as well be-
fore the late statute as since; and the party for whose benefit
a recognizance is taken, may have a *scire facias* thereon, whether
he be the conusee or not.

THIS was a *scire facias*, by the treasurer of New Haven
county, upon a bond of recognizance, entered in a prosecu-
tion upon the statute against secret assaults.   The bond
was taken to Joel Northrop, the adverse party, conditioned,
that one Brush and Isaacs, defendants in said prosecution,
"should appear before the Court of Common Pleas, to be
holden at New Haven, within and for the county of New
Haven, on the first Tuesday of April, then next, answer
to the complaint of said Northrop, abide the judgment of
said court thereon, and answer all damage, in case they
should fail to make their plea good."— Final judgment was
rendered for Northrop, the complainant, to recover £60
damages, and £9 13s. 3d. cost; and Brush and Isaacs were
further sentenced to pay a fine of £20 each, to and for the
use of the treasury of the county of New Haven.

Upon the *scire facias*, the defendants pleaded — That
after the rendering said final judgment, they paid and satis-
fied to said Northrop, the full sum of damages and cost, by
him recovered in said action, which he received and ac-
cepted in full satisfaction and discharge thereof; whereby
they became discharged from said recognizance.

To which there was a demurrer, and joinder in demurrer;
and judgment for the plaintiff.

By the COURT.   (SHERMAN, J., absent.)   Several ques-
tions arise in this case, upon the sufficiency of the dec-
laration: — One is — was the bond of recognizance legal,
it being taken to the adverse party, and for abiding · judg-

ment, etc.. Whereas, the words of the statute are, bonds for prosecution shall be taken to the adverse party."

Though bonds for abiding judgment are not within the letter of the statute, they are clearly within the reason of it; and as the statute is remedial, and to be liberally expounded, it shall be construed to extend to them; and such has been the construction and practice upon it. But if the statute doth not extend to them, yet there appears no sufficient reason why they may not, and why all bonds of recognizance, for the benefit of the adverse party, ever might not, in this state, be as well taken to the adverse party as to another person, for his use; and on the same ground that recognizances, when taken for the benefit of the state or a county, are taken to their respective treasurers.

But admitting the bond to have been well taken, and operative for the complainant, yet must it not have been taken to the county treasurer, that it might avail him? — Northrop alone was the adverse party; but prosecuted both for damages to himself, and a fine to the public, according to the provisions of the statute; and the bond being to respond the judgment that should be rendered in the suit, holds as well for the fine awarded as the damages: Though the fine is awarded to the county treasurer, and he hath a separate execution therefor, and *quoad* the fine, eventually becomes a party to the judgment.

But if the county treasurer is also secured by the bond, yet can he have a *scire facias* in his own name, he not being the conusee? — The statute, as relative to this point only, declares, in conformity to the principles of common law, that he who is to have the benefit of the recognizance, shall have a *scire facias* upon it. A *scire facias* is different from an action of debt upon the bond; and need

be no more than a citation to the bail, to show reasons why, from the equity of the case, on the proceedings recited, he should not pay the sum awarded against the principal; and may, for anything in the statute, or nature of the process, to the contrary, whatever the common practice may have been, be as well brought in the name of the party to the judgment who is to have benefit of the recognizance, as of the conusee, who has no interest therein; and better, as the party may thereby avoid embarrassment and a circuity of actions, in coming at his right.— So that the declaration is good.

As to the receipt, pleaded in discharge of the judgment — it is limited as well in the operation as the term of it, to the damages and cost adjudged to the prosecutor.— Nor was it in his power to discharge the other part of the judgment; because it vested a distinct, separate, and independent right in another person, viz. the now plaintiff; though previous to the judgment he might have discharged the suit.— Wherefore, the plaintiff has still a remedy, and may have it by this process.